[Cite as *State v. Porter*, 2023-Ohio-4136.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-22-1151

      Appellee                              Trial Court No.  CR0202002553

v.

D'Angelo Porter                              **DECISION AND JUDGMENT**

      Appellant                              Decided:  November 9, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Andrew Schuman, for appellant.

* * * * *

**DUHART, P.J.**

{¶ 1} This is an appeal filed by appellant, D'Angelo Porter, from the June 16, 2022 judgment of the Lucas County Court of Common Pleas.  For the reasons that follow, we affirm the judgment.

{¶ 2} Porter sets forth one assignment of error:

Trial counsel was ineffective for not recognizing defenses to the charges

against appellant and for not advising appellant of defenses to those charges

and therefore appellant's guilty plea was not made knowingly, voluntarily and intelligently.

## Background

{¶ 3} On November 5, 2020, in Toledo, Ohio, an argument occurred between two women, T.J. and K.W. who each had a child with Porter. Messages were sent between the women until K.W., who was driving a Jeep saw T.J. driving by in a Buick. K.W. rammed her Jeep into T.J.'s Buick, disabling the Buick. Several relatives of the women witnessed these events.

{¶ 4} The conflict between the women moved to the inside of a nearby apartment building ("the building"), and turned physical. Again, relatives were there and saw the fight. K.W., who lived in the building, made a phone call, asking where Porter was. Shortly thereafter, a man (identified as Porter) came down the stairs from the third floor of the building and used a side door to exit out of the building. Porter went around to the front of the building, and entered the building via the front door. Porter then pulled out a 9-millimeter gun with an extended magazine and fired 28 rounds into the hallway wounding T.J. and another woman, and killing three people, T.J.'s mother, K.W.'s father and T.J.'s cousin. Porter fled. Surveillance cameras were located inside of the building, and captured many of the events which occurred within the building.

{¶ 5} Porter was eventually arrested in Michigan. On November 30, 2020, Porter was indicted in Lucas County Common on: three counts of aggravated murder, with

2.

firearm specifications; three counts of murder, with firearm specifications; and six counts of felonious assault with firearm specifications.

{¶ 6} On December 21, 2020, Porter's arraignment was held; he pled not guilty to all of the charges and specifications.

{¶ 7} On April 7, 2022, Porter was charged by information with one count of reckless homicide. Also on that date, Porter entered guilty pleas to: one count of aggravated murder, with a firearm specification in violation of R.C. 2941.145(A), (B), (C) and (F); one count of aggravated murder, with a firearm specification in violation of R.C. 2941. 145(B); one count of second-degree felonious assault; and one count of third-degree reckless homicide. The trial court accepted Porter's guilty pleas.

{¶ 8} On June 16, 2022, the sentencing hearing was held, and Porter was sentenced to life in prison without parole. Porter appealed.

## Law

**Assistance of Counsel**

{¶ 9} In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-step process for evaluating an allegation of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient

3.

performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

{¶ 10} In other words, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 146, 538 N.E.2d 373 (1989), quoting *Strickland* at 694. Further, when a claim of ineffective assistance of counsel depends on proof outside of the trial court record, the claim it is not appropriate for consideration on direct appeal. *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001).

**Guilty Pleas**

{¶ 11} Crim.R. 11 governs, inter alia, guilty pleas and colloquies, and ensures a defendant understands that by pleading guilty, he or she is waiving specific constitutional rights. *State v. Barnes*, Slip Opinion No. 2022-Ohio-4486, ¶ 15. Crim.R. 11(C) provides that when a defendant pleads guilty, he or she must make the plea knowingly, intelligently and voluntarily. *Id.*

## Porter's Assignment of Error

{¶ 12} Porter argues his trial counsel was ineffective. Porter notes that at his December 2020 arraignment, Toledo Police Detective Daniel Mooney testified and was questioned about the investigation into the shootings. The detective revealed that when Porter was arrested, Porter's appearance was different from the alleged shooter's

4.

appearance.  Porter submits the alleged shooter had facial hair and dreadlocks, but Porter did not have these physical characteristics at the time of his arrest.  Porter also contends the alleged shooter was wearing a blue mask and was not easily identifiable.

{¶ 13} Porter asserts there were serious issues as to the identity of the shooter, yet his trial counsel failed to advise Porter of an identity defense.  In addition, Porter maintains that his trial counsel failed to advise him that the state would be unable to prove the charges against him.  As such, Porter argues his guilty pleas to two counts of aggravated murder, one count of felonious assault and one count of reckless homicide were not knowingly, voluntarily and intelligently made.

### Analysis

{¶ 14} In order for Porter to establish a claim for ineffective assistance of counsel, he must demonstrate two elements: trial counsel was deficient, and Porter was prejudiced by the deficiency.

{¶ 15} Upon review, we find that Porter did not demonstrate that his trial counsel was deficient.  Porter's arguments are premised on his counsel's failure to advise Porter of certain issues, but the record before us is devoid of any evidence regarding private conversations or communications between Porter and his trial counsel.  We note that Porter's arguments would require proof outside of the record, such as affidavits.  Where allegations of ineffective assistance of trial counsel are based upon facts outside of the record, such a claim it is not appropriate for consideration on direct appeal.

5.

{¶ 16} We further find that Porter did not argue or demonstrate that he was prejudiced by trial counsel's alleged deficiencies, or that there was a reasonable probability that the outcome of his case would have been different.

{¶ 17} We conclude that Porter failed to satisfy both steps in *Strickland*. Thus, we find no merit in Porter's assigned error that his guilty pleas were not entered knowingly, voluntarily or intelligently.

{¶ 18} Accordingly, we find Porter's sole assignment of error is not well-taken.

{¶ 19} On consideration whereof, the June 16, 2022 judgment of the Lucas County Court of Common Pleas is affirmed. Porter is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(4).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.           _____

Christine E. Mayle, J.         JUDGE

Myron C. Duhart, P.J.        _____
CONCUR.                         JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.